**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| VILLAGE AT RIVERWALK, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: **8:23-cv-1279** |
| ) | |
| INDIAN HARBOR INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO:  THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF FLORIDA

COMES NOW, Defendant, Indian Harbor Insurance Company ("Defendant" or "Indian Harbor"), pursuant to 28 U.S.C. § 1441 *et seq.*, and gives notice of the removal of this action from the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida.

### I.  Procedural Background

1. This case, styled *Village at Riverwalk, Inc. v. Indian Harbor Insurance Company*, was filed on or about May 11, 2023, in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. Defendant was served with the Summons and Complaint on May 15, 2023, under Case No. 2023-CA-004388. A true and correct copy of all process, pleadings, and orders served upon Defendant is attached hereto as "**Exhibit A**"

2. This removal has been timely filed because it is filed within thirty days of the date that Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

3. This action against Defendant could have been originally filed in this Court

pursuant to 28 U.S.C. § 1332.

4. The United States District Court for the Middle District of Florida is the federal judicial district encompassing the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 89 and § 1441(a).

## II.   Grounds For Removal

### A.   Diversity Jurisdiction.

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because it originally could have been filed in this Court under 28 U.S.C. § 1332(a) as amended, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . .

#### i.   Citizenship of Parties.

6. Defendant is a corporation organized and existing under the laws of the state of Delaware. Indian Harbor Insurance Company is a Delaware corporation with its headquarters in the state of Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and Connecticut. As a result, it is not now, and it was not at the time of the filing of the Complaint, a citizen of the state of Florida within the meaning of the Acts of Congress relating to the removal of cases.

7. Plaintiff is a citizen and resident of Florida, and it is not now and was not at the time of filing the Complaint a citizen of Delaware or Connecticut. *See* Complaint at ¶ 3.

8. Accordingly, complete diversity exists between Plaintiff and Defendant in this case.

#### ii.   Amount in Controversy.

9. Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil

actions where the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. On its face, the Plaintiff's Complaint purports to seek an unspecified amount of damages. Where the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). This burden is easily met if it is facially apparent from the allegations in the Complaint that Plaintiff's claims exceed $75,000. *See*, *e.g.*, *Brown v. Cunningham Lindsey U.S. Inc.*, 2005 U.S. Dist. LEXIS 38862, at *4 (M.D. Fla. May 11, 2005). "District courts must 'make reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden to establish the amount in controversy. *See Pretka*, 608 F.3d at 755.

11. Here, however it is apparent from the Complaint that Plaintiff is seeking damages in excess of $75,000. Plaintiff's Civil Cover Sheet indicates that the amount of the claim "over $100,000.00." *See* Plaintiff's Civil Cover Sheet, attached Exhibit "A"

12. "A district court can satisfy itself that removal is proper if the jurisdictional amount in controversy is manifest by a reasonable reading of the complaint." *Stemmons v. Toyota Tsusho America, Inc.*, 802 F.Supp. 195 (N.D. Ill. 1992) (citing *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982)).

13. Taken as a whole, the Plaintiff's Complaint clearly establishes that Plaintiff's Complaint states a claim that exceeds $75,000. Accordingly, the jurisdictional amount required for diversity jurisdiction is satisfied in this case.

### III. All Other Removal Prerequisites Have Been Satisfied

14. The Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the first served Defendant, thus it is timely under 28 U.S.C. § 1446(b).

15. Attached hereto and marked as "Exhibit A" are true and correct copies of the Complaint and Civil Cover Sheet that were filed on or about May 11, 2023, and the summons served on Defendant on or about May 15, 2023, in the civil action designated Case No. 2023 CA 004388.

16. Defendant has sought no similar relief with respect to this matter.

17. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

20. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

21. The allegations of this Notice of Removal are true and correct, this case is within the jurisdiction of the United States District Court for the Middle District of Florida, and this cause is removable to the United States District Court for the Middle District of Florida.

22. If any questions arise as to the propriety of the removal of this action, Defendant requests to present a brief and an oral argument in support of its position that this case is removable.

### IV. Adoption and Reservation of Defenses

23. Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of any of the removing Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any pertinent defense under the Florida or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, the Defendant, desiring to remove this case to the United States District Court for the Middle District of Florida, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted this 7th day of June, 2023.

Respectfully submitted,

*/s/ Donald F. Winningham III*
Donald F. Winningham III, Esq.
Florida Bar No. 1036091
Bressler, Amery & Ross, P.C.
515 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Tel. (954) 499-7979
dwinningham@bressler.com
ghoffmann@bressler.com
miainsurance@bressler.com

*Counsel for Defendant, Indian Harbor Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this the 7th day of June 2023, by filing the same with the Court and by electronic mail to the following:

Matthew Kassel, Esq.
Florida Bar No. 107356
John P. Sacks, Esq.
Florida Bar No. 103158
*Counsel for Plaintiff*
Kassel Law Group, PLLC
4016 Henderson Blvd Ste E
Tampa, FL 33629-4940
matt@kassellawgroup.com
jsacks@thesackslawgroup.com
ameila@kassellawgroup.com
rebecca@kassellawgroup.com
adam@kassellawgroup.com

*/s/ Donald Winningham*
Donald Winningham, Esq.

6